Name: Janis Ochoa
Address: PO Box 10577
Newport Beach CA 92658
Phone: (310) 270-0021
Fax: 

In Pro Per

FILED
CLERK, U.S. DISTRICT COURT
JUL 25 2025
CENTRAL DISTRICT OF CALIFORNIA
BY MBA DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Janis Ochoa

Plaintiff
v.

~~Attorney~~ Alex Macksoud
Judge William C. Weinberger
~~District Attorney~~ Jainer) Sargent
~~DA~~ DA Ruby Kazmirski

Defendant(s).

CASE NUMBER: 8:25-CV-01626-MEMF(SK)

Federal Civil Rights Complaint

(Enter document title in the space provided above)

Please see Attached declaration.

*Page Number*

CV-127 (09/09)   PLEADING PAGE FOR A SUBSEQUENT DOCUMENT

DECLARATION OF JANIS OCHOA

IN SUPPORT OF FEDERAL CIVIL RIGHTS COMPLAINT

Filed under 42 U.S.C. § 1983 and 28 U.S.C. § 1343

I. INTRODUCTION

I, Janis Ochoa, declare as follows:

I am the biological mother and protective caregiver of Juni Wahab, a 3-year-old child. I bring this declaration in support of my federal civil rights complaint pursuant to 42 U.S.C. § 1983, alleging systemic constitutional violations, retaliatory court conduct, denial of due process, unlawful child removal, and deliberate indifference to domestic violence and child sexual abuse disclosures.

This complaint is filed against state actors who knowingly failed to protect my daughter and retaliated against me for lawfully seeking emergency custody and protection under California and federal law.

II. BACKGROUND

In March 2024, my daughter Juni suffered third-degree burns while in the care of her father, Amir Wahab. She was hospitalized for more than 30 days. Medical instructions prohibited sun exposure. Amir ignored those orders and she developed new blistering sun injuries. Despite this, Los Angeles Superior Court returned Juni to Amir's custody, without hearing, due process, or investigation.

In February 2025, Juni disclosed sexual abuse during a therapy session while making a Mother's Day craft. The therapist, Victoria Sanchez, filed a Suspected Child Abuse Report under Penal Code § 11166 and documented trauma-related symptoms. Juni was diagnosed with F43.9 (Unspecified Trauma Disorder) and

F43.20 (Adjustment Disorder). The therapist concluded that including the father in treatment was unsafe.

I filed multiple DVROs and FL-300s with full supporting documentation across three counties: Los Angeles, Orange County, and San Diego. Each time, protective orders were granted - and then vacated through retaliation, obstruction, or manipulation by Amir Wahab's legal team.

III. VIOLATIONS AND RETALIATION

I acted lawfully under Penal Code § 278.7 (Good Cause), Family Code § 3424 (Emergency Jurisdiction), and enrolled in California's Safe at Home program. Despite this, Los Angeles family court retaliated against me for seeking protection. On February 27, 2025, Judge William Weinberger stripped me of custody the same day I submitted sexual abuse disclosures. The judge stated on the record that he would take no action.

Meanwhile, Amir Wahab's attorney, Alex Macksoud, and co-counsel Nadine C. Orlick filed false representations to vacate my DVROs and discredit evidence of abuse. Their actions led to the unlawful removal of my daughter and concealment of evidence from multiple courts.

On February 25, 2025, Glendale Police Department entered a DV shelter where I was residing and forcibly removed my daughter Juni - without a warrant and in direct violation of Safe at Home protections, Penal Code § 278.7, and the active Orange County DVRO.

Despite receiving mandated reporter notes, burn photos, and disclosures, the Los Angeles County District Attorney's Office - including Ruby Kazmirski and J. Cisneros Sargent - failed to investigate and actively facilitated the removal of Juni back into unsafe custody.

The Orange County District Attorney's Office, including Joe Lopez and Deanna Hartman, also failed to investigate or protect Juni despite full disclosure of therapist reports, police filings, and DVRO status. Orange

County CPS similarly failed to intervene after receiving credible abuse reports.

## IV. CONSTITUTIONAL VIOLATIONS

I allege the following civil rights violations:

1. Substantive Due Process - Violation of my fundamental right to the care and custody of my child without any showing of unfitness or harm.

2. Procedural Due Process - Custody was taken from me without notice, hearing, or opportunity to present evidence.

3. First Amendment Retaliation - I was punished for seeking legal protection, filing abuse disclosures, and challenging judicial misconduct.

4. Equal Protection Violation - I was treated differently as a domestic violence survivor, with repeated orders denied or vacated based on discredited stereotypes and gender bias.

5. Violation of PKPA (28 U.S.C. § 1738A) - LA family court failed to honor protective orders issued in San Diego and Orange County, despite emergency jurisdiction and full faith and credit requirements.

6. Violation of VAWA - State actors disregarded my federally protected status under VAWA and the California Safe at Home program, leading to illegal shelter breach and removal of my child.

## V. NAMED ACTORS

This declaration is made against the following parties:

- Judge William G. Weinberger (Los Angeles) - Retaliated against me for filing abuse evidence and denied protection after direct mandated reports.

- Judge Alex Macksoud (Orange County) - Vacated protection orders without hearing or evidence, allowing unsafe custody to continue.

- Attorney Alex Macksoud (counsel for Amir Wahab) - Filed false claims, manipulated record, and concealed abuse disclosures.

- Attorney Nadine C. Orlick (co-counsel for Amir Wahab) - Enabled procedural abuse and interfered with DVRO enforcement.

- Deputy District Attorney Ruby Kazmirski (Los Angeles) - Failed to investigate, despite receiving therapist notes and photos.

- Deputy District Attorney J. Cisneros Sargent (Los Angeles) - Participated in unlawful removal and ignored abuse disclosures.

- Glendale Police Department - Entered DV shelter without legal authority and removed Juni despite active DVRO and Safe at Home status.

- Joe Lopez (Orange County DA) - Failed to act on known danger and evidence of abuse.

- Deanna Hartman (Orange County DA) - Complicit in systemic failure to protect despite documentation.

- Orange County CPS - Ignored therapist disclosures, police reports, and failed to act to protect the child.

## VI. CONCLUSION

This is not a custody dispute. It is a federal civil rights emergency. I have done everything the law asked of me. I have cooperated, filed truthfully, and protected my child within the legal system - and that system retaliated against me.

I ask this Court to recognize the violations I have endured and to protect my daughter before further harm is done.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on: July 24, 2025

Signed: _____